CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
MAY 14 2012
JULIA C. DUDLEY, CLERK
BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

KENNETH STARKS,                )        CASE NO. 5:11CV00107
                               )
        Plaintiff,             )
                               )
v.                             )
                               )        REPORT AND RECOMMENDATION
NORTH AMERICAN HOUSING CORP.,  )
et al.,                        )
                               )
        Defendants.            )        By:  B. WAUGH CRIGLER
                               )             U.S. MAGISTRATE JUDGE

Plaintiff has filed this *pro se* action alleging employment discrimination in violation of Title VII

of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967.  This case is

before the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) for a report and recommendation on

defendants' December 14, 2011 motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), 12(d), and 56(a).

For the reasons set forth below, the undersigned RECOMMENDS that defendants' motion to dismiss,

which has been converted to a motion for summary judgment, be GRANTED and that plaintiff's case be

DISMISSED from the active docket of the court.

**BACKGROUND AND STATE OF THE RECORD**

Plaintiff's Complaint, which essentially is a copy of a charge he filed with the Virginia Council

On Human Rights, named North American Housing Corp. ("North American") as the sole defendant.

(Dkt. No. 2.)  Substantively, plaintiff alleged that he was discharged by North American because of his

race and was replaced with a much younger "White employee," in violation of Title VII of the Civil

Rights Act of 1964 and the Age Discrimination in Employment Act of 1967.  (*Id.* at p. 1.)  In Section VI

of the Civil Cover Sheet, plaintiff set forth that his cause of action was supported by "Title VII, the

Americans with Disabilities Act, the Genetic Information Nondiscrimination Act or the Age Discrimination in Employment Act." (*Id.* at p. 2.)

On November 15, 2011, plaintiff filed what was docketed by the Clerk as an Amended Complaint. (Dkt. No. 6.) The pleading sets forth no allegations of fact, but in separate locations, plaintiff named Champion Builders, Inc., CT Corporation System[1] and Champion Home Builders, Inc, CT Corporation System as defendants. (*Id.* at p.1.)

The summons issued to North American was returned unexecuted by the United States Marshal on October 26, 2011.[2] (Dkt. No. 5.) On December 5, 2011, the summons issued to Champion Home Builders, Inc., CT Corporation System was returned executed. (Dkt. No. 8.)

On December 14, 2011, defendants Champion Builders, Inc. and/or Champion Home Builders, Inc. moved to dismiss under Fed. R. Civ. P 12(b)(6), 12(d), and 56(a). (Dkt. No. 14.) The Clerk sent plaintiff a Roseboro Notice advising him that he would need to respond by January 9, 2012. (Dkt. No. 12.) Plaintiff did not respond by that time, and on January 12, 2012, the presiding District Judge entered an order dismissing plaintiff's case without prejudice for failure to prosecute and denied the defendants' motion to dismiss as moot. (Dkt. No. 18.)

On January 23, 2012, plaintiff filed an opposition to defendants' motion to dismiss. (Dkt. No. 19.) The presiding District Judge entered an order vacating the dismissal. (Dkt. No. 20.) On February 14, 2012, the case was referred to the undersigned to address both dispositive and non-dispositive motions. (Dkt. No. 21.)

---

[1] CT Corporation System is merely a registered agent.

[2] North American was not served within the time permitted under Fed. R. Civ. P. 4(m). In light of the fact that plaintiff's Amended Complaint no longer named North American as a defendant, the Clerk terminated this defendant.

2

On February 16, 2012, the undersigned entered an order advising the parties that the court would treat defendants' December 14, 2011 motion to dismiss under Rule 12(d) as a motion for summary judgment under Rule 56 and allow plaintiff fifteen days within which to submit evidence in opposition. (Dkt. No. 22.) Plaintiff filed a response on March 1, 2012, though the response and exhibits do not put in issue any fact set forth in support of the defendants' motion to dismiss. (Dkt. No. 23.)

The undersigned scheduled oral argument for April 3, 2012. (Dkt. No. 25.) At plaintiff's request, the argument date was subsequently continued to allow him an opportunity to secure counsel. (Dkt. Nos. 26, 29.)

On May 1, 2012, plaintiff appeared *pro se,* and the defendants, by their counsel, presented arguments on the outstanding motion to dismiss. Plaintiff did not challenge any of the facts set forth in the defendants' December 14, 2011 motion to dismiss and supporting exhibits. The only substantive response plaintiff offered was that he began working as a carpenter for North America in 1988, and that he was discharged on July 9, 2009 by his supervisor, Todd Bly. Plaintiff asserted that he was replaced with a "much younger White employee," in violation of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967. Plaintiff represented to the undersigned that he was not intending to expand his exhausted claims in this court with the information provided in the cover sheet. Plaintiff did not challenge defendants' factual representation that he asserted no claims based on the ADA and Genetic Information within 300 days of the alleged discriminatory conduct, i.e. his discharge. Defendants, in turn, did not dispute that plaintiff exhausted his administrative remedies and timely-filed his Complaint in this court on the charges of race and age discrimination.

In their motion to dismiss, defendants argue that plaintiff's Complaint should be dismissed with prejudice on the principle ground that his claims arose in 2009 and were discharged in the Delaware bankruptcy of several debtors, including plaintiff's former employer, North American. (Dkt. No. 15, pp.

3

4-6.) Moreover, defendants assert that plaintiff has no cause of action against any party he claims was a purchaser of the bankrupt debtor's assets because the bankruptcy court's approved plan for distribution authorized transfer of the liquidated assets free from all liabilities of the debtor companies. Defendants argue that, to the extent plaintiff is seeking to expand the scope of his 2009 EEOC Charge beyond those claims which were discharged in bankruptcy, his new discriminations claims are time-barred because they not filed within 300 days of the alleged date of discrimination. (*Id.* at pp. 6-7.)

Plaintiff acknowledged before the undersigned, just as defendants' evidence showed, that he filed a claim for unliquidated damages against Champion Enterprises, Inc. in the United States Bankruptcy Court for the District of Delaware. (Dkt. No. 15, Exhibit 1, p. 74.)

The defendants have offered uncontested evidence that, on November 15, 2009, Champion Enterprises, Inc. and several related entities, including North American, filed a voluntary petition for bankruptcy in the United States Bankruptcy Court for the District of Delaware. (*Id.* at pp. 2-7.) There is no dispute that the bankruptcy court approved the sale of part of the estate assets to Champion Enterprises Holdings, LLC and New Champion Homes, Inc., free from liabilities relating to the plaintiff's claim for unliquidated damages. (*Id.* at pp. 9-74.) Thereafter, the debtors filed an amended plan seeking liquidation and a declaration of no liability on any claim, except those set forth in the plan, and a permanent injunction against all claims not satisfied in the proceedings. (*Id.* at pp. 76-164.) Defendants asserted that the bankruptcy court adopted and confirmed the plan and enjoined all such claims, including plaintiff's discrimination unliquidated damages claims, in an order entered on April 6, 2011. While plaintiff does not dispute that such order was entered, the undersigned was informed during oral argument that defendants inadvertently omitted a copy thereof from the exhibits filed in support of their motion to dismiss. They sought leave to file the order, and there being no objection from plaintiff, the request was granted.

4

## APPLICABLE LAW

A Rule 12(b)(6) motion to dismiss must be treated as a motion for summary judgment where "matters outside the pleadings are presented to and not excluded by the court." Fed.R.Civ. P. 12(d). In this case, defendants rely on exhibits to establish that plaintiff's discrimination claim was discharged pursuant to a confirmation of bankruptcy plan on April 6, 2011. As indicated, the undersigned put the parties on notice that these documents would be considered and that the motion would be treated as one for summary judgment. (Dkt. No. 22.)

In considering a motion for summary judgment under Federal Rule of Civil Procedure 56, "the court is required to view the facts and draw reasonable inferences in a light most favorable to the nonmoving party." *Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir.1994). The court may grant summary judgment only when, viewing the record as a whole and in the light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986); *Terry's Floor Fashions, Inc. v. Burlington Industries, Inc.*, 763 F.2d 604, 610 (4th Cir. 1985). For a party's evidence to raise a genuine issue of material fact that avoids summary judgment, the evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The filing of a bankruptcy petition operates to stay "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy proceeding], or to recover a claim against the debtor that arose before the commencement of the [bankruptcy proceeding.]" 11 U.S.C. § 362(a)(1); *Crider v. Pilgrim's Pride Corporation*, 2011 WL 6090121, *2 (W.D.Va. December 6, 2011) (J. Urbanski). Under the Bankruptcy Code, confirmation of a Chapter 11 plan discharges a debtor "from

5

any debt that arose before the date of such confirmation." 11 U.S.C. § 1141(d)(1)(A). The chief

purpose of bankruptcy is to grant the debtor a "fresh start." *Bosiger v. U.S. Airways, Inc.*, 510 F.3d 442,

448 (4th Cir. 2007). A claim is a "right to payment, whether or not such right is reduced to judgment,

liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable,

secured, or unsecured." 11 U.S.C. § 101(5)(A). In addition, discriminatory acts are not actionable under

Title VII if they occurred more than 180 or 300 days before the employee files a charge, even if they

may be related to acts alleged in a timely fashion. *National R.R. Passenger Corp. v. Morgan*, 536 U.S.

101, 110 (2002).

Here, there is no question that plaintiff had notice of the bankruptcy, and that he filed a proof of

claim for unliquidated damages arising out of his race and age discrimination charges which preceded

the bankruptcy.

## DISCUSSION, FINDINGS AND CONCLUSIONS

Plaintiff's allegations must be taken as true, and summarized, they are as follows: After twenty

or more years of service to North American, plaintiff, an African American, was discharged and

replaced with a younger white employee in June 2009, all because of his race and age. Plaintiff filed a

charge against North American on October 29, 2009 with the Virginia Council On Human Rights.

(Complaint, p. 1.)

On November 15, 2009, Champion Enterprises, Inc. and several related entities, including North

American, filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code in

the United States Bankruptcy Court for the District of Delaware. (Dkt. No. 15, Exhibit 1, pp. 2-7.) On

February 5, 2010, and in accordance with a plan adopted by the bankruptcy court, the debtors sold some

of their assets to Champion Enterprises Holdings, LLC and New Champion Homes, Inc., pursuant to an

Asset Purchase Agreement. (*Id.* at pp. 9-31.) Under the terms of the Asset Purchase Agreement, New

6

Champion Homes, Inc. assumed certain liens to which the assets were subject, but the company did not assume any liabilities relating to plaintiff's claims against North American, proof of which he filed with the bankruptcy court. (*Id.* at p. 74.)

The bankruptcy court entered an order authorizing the debtors' entry into the Asset Purchase Agreement on February 8, 2010. (*Id.* at pp. 33-43.) On March 2, 2010, the bankruptcy court entered an order authorizing and approving the sale, after which the companies transferred those assets to Champion Homebuilders, Inc. (*Id.* at pp. 45-72.)

On November 16, 2010, the debtors filed a second amended plan of liquidation. (Dkt. No. 32, pp. 2-90.) The second amended plan sought an injunction against all persons or entities which held or may have held claims and prohibited further action against the debtor companies in any manner that did not conform to the plan. On April 6, 2011, the bankruptcy plan was confirmed discharging all debts. (*Id.* at pp. 91-125.) Unfortunately, this discharge included plaintiff's claim for unliquidated damages for race and age discrimination.

It is clear that whatever plaintiff attempted to assert on the cover sheet of the Complaint under the ADA or Genetic Information Act was not timely-filed as a charge and cannot be raised here for the first time. Even so, they too, would have been discharged in bankruptcy, as the alleged employment action occurred in June 2009, which was prior to the bankruptcy filing.

The undersigned recognizes that this is an unfortunate set of circumstances for plaintiff. Plaintiff's long service to North American was acknowledged by defense counsel, and there was no denial that job openings with North American and its bankrupt affiliates were being advertised up to the date bankruptcy was filed. Plaintiff certainly has a basis for his personal belief that it would be unfair to foreclose his presentation of the claims asserted here. However, for the reasons set forth above, there are

7

no genuine issues of material fact upon which the plaintiff now can recover on his claims, and they should be dismissed as a matter of law.

Accordingly, the undersigned RECOMMENDS that an Order enter GRANTING defendants' motion to dismiss, which has been converted to a motion for summary judgment, and DIMISSING this action from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a certified copy of this Report and Recommendation to all counsel of record and mail a copy to the plaintiff.

ENTERED: 

U. S. Magistrate Judge

5/14/2012
Date

8